**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTINE PODOLAK-VOLLMAR** | * | Case No. |
| 103 Browne Dr. | | |
| Haskins, Ohio 43525 | * | Judge |
| | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| Plaintiff, | | |
| v. | * | |
| | | Francis J. Landry   (0006072) |
| **CLARIOS, LLC** | * | **WASSERMAN, BRYAN, LANDRY** |
| 10300 Industrial Rd | |  **& HONOLD LLP** |
| Holland, Ohio 43528 | * | 1090 W. South Boundary St |
| | | Suite 500 |
| | * | Perrysburg, Ohio 43551 |
| | | Telephone:  (419) 243-1239 |
| Defendant. | * | Facsimile:  (419) 243-2719 |
| | | Flandry308@aol.com |
| | * | Attorney for Plaintiff |
| | | Christine Podolak-Vollmar |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of sex and age, charge number 22A-2021-01552C attached hereto as Exhibit A, and incorporated by reference as if fully restated herein. On March 29, 2022, the district director of the EEOC notified Plaintiff of her right to file suit within ninety days in an

1

appropriate federal district court, attached hereto as Exhibit B. On January 13, 2022, the Ohio Civil Rights Commission issued Plaintiff a Notice of Right to Sue with respect to discrimination claims under Ohio Revised Code Chapter 4112. See Exhibit C. This Court's supplemental jurisdiction is also invoked over a state law claims of sex discrimination and wrongful discharge in violation of public policy.

## PARTIES

2. Plaintiff, Christine Podolak-Vollmar is a citizen of the United States and a resident of the Village of Haskins, State of Ohio, who was employed by Defendant from November 12, 2018 until her termination on December 7, 2020. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than twenty (20) employees.

3. Defendant is a corporation with a place of business in the Village of Holland, State of Ohio. Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4. Plaintiff began her employment with Defendant on November 12, 2018.

5. Plaintiff was employed most recently as an Occupational Health Nurse, and is a Licensed Practical Nurse. Defendant was well-aware that Plaintiff was an LPN when she was hired.

6. Plaintiff performed her job well, and was promoted to Line Leader in March of 2019.

7. After Thanksgiving in 2020 Plaintiff send an employee who had a temperature to her manager. Plaintiff's manager told the employee to go home.

8. Plaintiff was then instructed to get a Covid-19 test.

9. When Plaintiff's test results came back negative, she informed Human Resources.

10. When Plaintiff tried to return to work, she was called by Corporate Human Resources and questioned about her credentials. She was told that Defendant did not hire LPNs as Occupational Nurses.

11. Thereafter, Plaintiff was suspended and terminated.

**FIRST CLAIM FOR RELIEF**
**ADEA--29 U.S.C. Sections 621 et seq.**

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as she was fifty (50) years of age at the time of her termination.

14. Plaintiff states that she was qualified for her position based on her education and experience. Furthermore, at all times material hereto she was meeting or exceeding Defendant's legitimate business expectations.

15. On December 7, 2020 Plaintiff was terminated. Prior to her termination Plaintiff was questioned about her credentials.

16. Plaintiff states that other similarly situated employees who were substantially younger than Plaintiff were not questioned about their credentialed, and were not terminated for the same reasons for which Plaintiff was terminated.

17. Upon information and belief, Plaintiff was replaced by a person who is substantially younger than Plaintiff.

18. The alleged reasons for Plaintiff's termination are false and pretextual. Plaintiff states that she was qualified for her position, had held that position for several years with no issue, and that Defendant was aware of her credentials when she was hired.

19. Plaintiff states that Defendant terminated her employment because of her age.

20. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of 29 U.S.C. §621 et seq.

21. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
## Title VII, Civil Rights Act, Sex Discrimination

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff is a female individual.

24. Plaintiff was well qualified for her position, and performed her job well.

25. Plaintiff was terminated, and was treated differently than male employees. Male employees were not terminated for allegedly not holding the proper credentials when Defendant was aware of their credentials upon hire.

26. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and Defendant was aware of her credentials when she was hired.

27. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her sex in violation of 42 U.S.C. Section 2000e et seq.

28. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Sex Discrimination

29. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint, supra, by reference in its entirety as if fully restated herein.

30. Plaintiff is a female individual.

31. Plaintiff was well qualified for her position, and performed her job well.

32. Plaintiff was terminated, and was treated differently than male employees. Male employees were not terminated for allegedly not holding the proper credentials when Defendant was aware of their credentials upon hire.

33. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and Defendant was aware of her credentials when she was hired.

34. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

35. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF

**Wrongful Discharge in Violation of Public Policy**

36. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-five (35) of this Complaint, supra, by reference in its entirety as if fully restated herein.

37. Plaintiff states that there is a clear public policy in the state of Ohio with regards to the Covid-19 pandemic. The state of Ohio had issued numerous health orders aimed at places of employment. Orders included directions regarding facial coverings, temperature screenings, and social distancing. The orders also required employees who had covid symptoms to stay home or be sent home and quarantine to protect the health and safety of all.

38 Plaintiff attempted to follow proper Covid-19 procedures pursuant to the health orders, and reported when a worker was exhibiting a covid-19 symptom—a fever over 100 degrees.

39. After reporting the issue, Plaintiff was sent home, instructed to take a covid test herself, and then when she attempted to return to work, was suspended and terminated.

40. Plaintiff was terminated immediately after her attempts to follow covid-19 health orders. Plaintiff's termination was not because of any credential issue, but rather, was because Plaintiff attempted to follow covid-19 health orders.

41. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and Defendant was aware of her credentials when she was hired. There as no business reason for Plaintiff's termination.

42. Plaintiff states that terminating an employee for trying to enforce the covid-19 health orders jeopardizes the Ohio public policy, undermines the order themselves, and jeopardizes public health.

48. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning

capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of lost back pay and front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


 s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Christine Podolak-Vollmar



## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry
Francis J. Landry